STANLEY LELAND, DAVID LELAND, JOSEPH MOORE AND RUTH MOORE, PLAINTIFFS, v. CHARLES HENDERSON AND BENJAMIN STONE, INDIVIDUALLY AND TRADING AS PENN BEVERAGE CO., DEFENDANTS.

Decided December 12, 1940.

For the rule, *Harry Edelson.*

*Contra, Durand, Ivins & Carton (J. Victor Carton).*

KINKEAD, C. C. J. On October 3d, 1938, there was a collision at the intersection of West Farms Road and State Highway No. 9-4, in the township of Howell, Monmouth county, between an automobile owned and operated by the plaintiff Stanley Leland and a motor vehicle owned by the defendant Zenjamin Stone, trading as the Penn Beverage Co., and operated by the defendant Charles Henderson.

At the time of the collision the plaintiffs David Leland, Joseph Moore and Ruth Moore were passengers, by invitation, in the Stanley Leland car, and suits were subsequently instituted by all four plaintiffs against the defendants.

On November 23d, 1938, an answer and counter-claim against Stanley Leland was filed on behalf of the defendants. On December 6th, 1938, the defendants instituted a separate suit in the New Jersey Supreme Court against Stanley Leland.

At the trial, by agreement of counsel, the suits of the four plaintiffs against the defendants, and the separate suit of the defendants against Stanley Leland were tried together and a voluntary nonsuit was granted on the counter-claim of the defendants against Stanley Leland.

The evidence in the case clearly demonstrated that the collision was not the result of an unavoidable accident, but rather that it was the result of negligence on the part of either or both of the drivers. There was also no evidence in

the case from which the jury could reasonably infer that there was any contributory negligence upon the part of the three invitees.

The facts in *Stone et al.* v. *Dewarns*, 7 *N. J. Mis. R.* 871; 147 *Atl. Rep.* 455, are very similar to the instant case. There the suit arose out of a collision between two automobiles. The plaintiff, Stone, with plaintiff, Kulick, as a passenger, was going south, and the defendant, who was headed north proceeded to turn west, to his own left into a street called Traphagen street, which turn would take him across the front of the Stone car. Each driver undertook to cast the blame upon the other, but the fact is that the Stone car hit the defendant's car on the right running board. Stone sued for damages and loss of profits from its use, and Kulick sued for personal injuries. The defendant counter-claimed against Stone for damages to defendant's car. The jury rendered a verdict of no cause of action for either plaintiff against defendant, and no cause of action for defendant on his counter-claim against plaintiff named. The court held that a verdict of no cause of action on the counter-claim meant that the defendant was guilty of contributory negligence, entitling the plaintiff passenger, Kulick, to a new trial.

In the instant case the jury was instructed by the court that if it found that the accident occurred through the negligence of both drivers, it should return a verdict in favor of the three plaintiff passengers and a verdict of no cause of action in all the other suits. Instead of following these instructions, however, the jury returned a verdict of no cause of action as to all parties.

The three plaintiff passengers have taken this rule to show cause why the verdict against them in favor of the defendants should not be set aside and a new trial granted because the verdict is contrary to law. There is no rule to show cause as to the plaintiff, Stanley Leland, nor is there any rule in the separate suits of Henderson and Stone against Stanley Leland.

A verdict which is contrary to the law of the case as declared in the charge of the court will be set aside on a rule to show cause. *Smith, Kline and French Co.* v. *Freeman*, 93 *N. J. L.* 45.

The verdict of the jury clearly demonstrated that the jury found there was negligence upon the part of both drivers. This being so the jury under the instructions of the court should have returned a verdict in favor of the three invitees.

Counsel for the defendants frankly concedes that if the suits of the plaintiffs and the counter-claims of the defendants had been submitted to the jury, that the rule of law laid down in *Stone et al.* v. *Dewarns, supra,* would apply, and that the three invitees would under those circumstances have been entitled to a recovery.

The defendants do not seek to set aside the verdict returned against them. It is contended, therefore, that the court only has the authority on this motion to decide whether the verdict against the invitees is justified by the evidence. The defendants contend that the rule is different in the instant case because the issue submitted to the jury was of separate, independent causes of action which were tried together for the sake of convenience, instead of the submission of suit and counter-claim as in *Stone et al.* v. *Dewarns, supra.*

The court agrees that there was ample evidence to justify a finding by the jury that the accident occurred solely through the negligence of Stanley Leland. If the suits of the plaintiffs had been tried separate and apart from the suits of the Penn Beverage Company and Henderson against Leland, the court would not have interfered with a verdict returned in favor of the defendants against all four plaintiffs.

The court cannot agree, however, with the attempt of counsel to distinguish the case *sub judice* from *Stone et al.* v. *Dewarns, supra.* The rule of law laid down in that case is clearly applicable here. This being so, it necessarily follows that the jury failed to follow the instructions of the court. Therefore a new trial as to the three invitees must be granted. But in granting this new trial, it may be well to point out that no counter-suits will be involved in the re-trial. Therefore if the jury at the re-trial finds that the invitees were injured solely through the negligence of their driver, Stanley Leland, a verdict in favor of the defendants would have to be upheld.

The rule to show cause will be made absolute.